UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRED GUTIERREZ, | ) | |
|          Plaintiff, | ) | |
| | ) | 2:13-cv-00245-RCJ-GWF |
| vs. | ) | |
| | ) | |
| TIMOTHY ATKINS et al., | ) | **ORDER** |
| | ) | |
|          Defendants. | ) | |
| | ) | |

This civil rights action arises out of a state court conviction. Pending before the Court is a Motion to Dismiss (ECF No. 5). For the reasons given herein, the Court grants the motion.

## I.    FACTS AND PROCEDURAL HISTORY

On April 15, 2012, a non-party police officer pulled Plaintiff Fred Gutierrez over on Casino Boulevard in Laughlin, Nevada while Plaintiff was driving a van registered in Arizona to a non-party. (Compl. ¶ 1, Feb. 14, 2013, ECF No. 1). The officer issued citations to Plaintiff for driving without a license and for being in possession of a certificate of registration, license plate, certificate of title, or other document knowing it to have been fictitious, cancelled, revoked, suspended, or altered. (*Id.* ¶ 3). On August 9, 2012, Plaintiff appeared for arraignment before Defendant Justice of the Peace Timothy Atkins in the Laughlin Justice Court. (*Id.* ¶ 4). Plaintiff refused to enter a plea, challenging the jurisdiction of the court. (*See id.* ¶¶ 5–6). Plaintiff appeared again on October 11, 2012, and his jurisdictional challenge was again denied. (*See id.* ¶

7). Plaintiff continued to challenge jurisdiction throughout the trial, and the judge found him guilty at the conclusion of the trial. (*See id.* ¶¶ 8–20).

Plaintiff sued Atkins and Prosecutor Nicholas Graham in this Court on two counts pursuant to 28 U.S.C. § 1983: (1) bad faith prosecution; and (2) due process violations. Defendants have moved to dismiss.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling

on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

The Court grants the motion to dismiss for two reasons. First, no action is permitted under § 1983 if a verdict in favor of the plaintiff would imply the invalidity of a previous conviction. *See Heck v. Humphry*, 512 U.S. 477, 486–87 (1984) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ."). Plaintiff has not alleged such facts. Second, both Defendants are absolutely immune from suit as a general matter for their acts related to their respective judicial and prosecutorial functions. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutorial immunity). A judge is not immune, however, where he acts in the "clear absence

1   of all jurisdiction." *Stump*, 435 U.S. at 357.  For example,

2       if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

5   *Id.* at 357 n.7.  Plaintiff complains that he was not presented with a summons and complaint or

6   any other charging instrument.  But these kinds of errors, even assuming there had been this type

7   of error here, do not demonstrate a clear lack of all jurisdiction.  Justice courts have jurisdiction

8   over misdemeanor crimes in Nevada. Nev. Rev. Stat. § 4.370(3).  That ends the analysis.  So

9   long as the justice of the peace was purporting to try Plaintiff for a misdemeanor crime or lesser

10   civil infraction, which is clearly the case, judicial immunity applies.

### CONCLUSION

12      IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED.

13      IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

14      IT IS SO ORDERED.

15   Dated this 25th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge