# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRED GUTIERREZ,

      Plaintiff,

vs.

TIMOTHY ATKINS, et al.,

      Defendants.

2:13-cv-00245-RCJ-GWF

**ORDER**

This civil rights action arises out of a state court conviction. On April 25, 2013, the Court issued an order dismissing the complaint and entering judgment in favor of the Defendant. Plaintiff has now moved to vacate (ECF No. 13), effectively seeking reconsideration of the Court's earlier Order. For the reasons stated herein, the Motion to Vacate is denied.

## I.  FACTS AND PROCEDURAL HISTORY

On April 15, 2012, a nonparty police officer stopped Plaintiff Fred Gutierrez on Casino Boulevard in Laughlin, Nevada while Plaintiff was driving a van registered in Arizona to a nonparty. (Compl. ¶ 1, Feb. 14, 2013, ECF No. 1). The officer issued citations to the Plaintiff for driving without a license and for being in possession of a certificate of registration, license plate, certificate of title, or other document knowing it to have been fictitious, cancelled, revoked, suspended, or altered. (*Id.* ¶ 3). On August 9, 2012, Plaintiff appeared for arraignment before Defendant Justice of the Peace Timothy Atkins in the Laughlin Justice Court. (*Id.* ¶ 4). Plaintiff refused to enter a plea, challenging the jurisdiction of the court. (*See id.* ¶¶ 5–6). Plaintiff appeared again on October 11, 2012, and his jurisdictional challenge was again denied. (*See id.* ¶

7). Plaintiff continued to challenge jurisdiction throughout the trial, and Justice of the Peace Atkins ultimately found him guilty of the violation. (*See id.* ¶¶ 8–20).

Plaintiff sued Atkins and Prosecutor Nicholas Graham in this Court on two counts pursuant to 28 U.S.C. § 1983: (1) bad faith prosecution; and (2) due process violations. Defendants moved to dismiss, and on April 25, 2013 the Court dismissed the complaint and entered judgment in favor of Defendants. (Order, ECF No. 10). The Court granted the motion to dismiss for two reasons, finding (1) that Plaintiff's claims are *Heck*-barred because a verdict in his favor would imply the invalidity of the underlying conviction; and (2) that Defendants are entitled to absolute immunity for the acts related to their respective judicial and prosecutorial functions. (*Id.* at 3). Plaintiff now moves the Court to reconsider.

## II. LEGAL STANDARDS

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

## III. ANALYSIS

Although Plaintiff's Motion to Vacate is somewhat confusing, it essentially consists of five arguments: (1) Judicial immunity is not available to a Justice of the Peace because the

Justice Court is a court of limited rather than general jurisdiction and judicial immunity applies only to judges presiding in courts of "superior or general" jurisdiction; (2) the *Heck* doctrine should not apply to Plaintiff's complaint; (3) Defendants will not be prejudiced by granting the Plaintiff's requested relief from judgment; (4) Plaintiff will be prejudiced if the judgment is not vacated; and (5) Justice of the Peace Atkins is not "statutorily complaint" and as such, his judicial position is vacant. (*See generally* ECF No. 12).

The first two arguments essentially reiterate the arguments disposed of by the Court's Order granting Defendants' Motion to Dismiss. (ECF No. 10). Therefore, they do not provide a proper basis for reconsideration. *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) ("Since [Plaintiff's] Rule 60(b) motion merely reiterated the arguments that he had already presented to the district court, the motion was properly denied."). Arguments three and four likewise fail. While the Court disagrees with Plaintiff's assertion that Defendants will not be prejudiced by the vacation of a judgment in their favor, it is obvious that even an absence of prejudice to Defendants is not alone a sufficient ground for vacating a properly entered order. And although it is clear that the Court's denial of the instant motion to vacate will negatively impact the Plaintiff, this does not change the fact that Defendants were and remain entitled to be dismissed from this action.

Accordingly, Plaintiff's only remotely colorable argument, at this point, is his claim that he has adduced new evidence tending to show that Justice of the Peace Atkins' judicial position was vacant because he was not "statutorily complaint." However, this argument also fails, for at least two reasons: First, as the Court understands the argument, it implies that Plaintiff's underlying conviction is invalid; therefore, it too is barred by the *Heck* Doctrine. *See Heck v. Humphry*, 512 U.S. 477, 486–87 (1984) ( No action is permitted under § 1983 if a verdict in

favor of the plaintiff would imply the invalidity of a previous conviction.). Second, even assuming *arguendo* both that *Heck* does not apply and that the alleged statutory noncompliance renders the judicial position vacated, Plaintiff has failed to adduce any evidence of noncompliance. Specifically, Plaintiff purports to demonstrate that Justice of the Peace Atkins has neither properly filed his constitutional oath nor posted his "statutorily required" bond. (Mot. to Vacate, ECF No. 12, 2–3). However, none of Plaintiff's exhibits support these assertions.

With respect to the constitutional oath, Plaintiff's attachments demonstrate only that as of the date of the Plaintiff's request, the Clark County Clerk's Office could not find a constitutional oath for Defendant Atkins. (*See id.* at 11). However, there is no statutory requirement that the constitutional oath be filed in the Clark County Clerk's Office.[1] Therefore, Plaintiff's attachments concerning the oath fail to demonstrate statutory noncompliance.

With respect to the statutorily required bond, Plaintiff's exhibits actually show that Defendant Aitkins is compliant. Indeed, Exhibit "C" demonstrates that Defendant Atkins was properly covered by a bond that covers all of elected County officials, with the exception of the constables and the Treasurer, who are bonded separately. (*Id.* at 13). Blanket bonds of this type are plainly authorized by NRS section 282.163, which provides:

---

[1] The requirement for both the oath of office and the applicable bond are found in NRS section 4.030, which provides as follows:

> Oath and bond of justice of the peace**:** Each justice of the peace elected or appointed in this State shall, before entering upon the duties of office:
> 1. Take the oath prescribed by law.
> 2. Execute a bond to the State of Nevada, to be approved by the board of county commissioners and furnished at county expense, in the penal sum of not less than $10,000 or more than $50,000, as may be designated by the board of county commissioners. The bond must be conditioned for the faithful performance of the duties of office and filed in the office of the county clerk.

Nev. Rev. Stat. Ann. § 4.030. Accordingly, section 4.030 expressly requires the filing of a bond in the office of the County Clerk. However, with respect to the oath, it requires only that the justice of the peace "[t]ake an oath prescribed by law"; it says nothing of a filing requirement. Therefore, by its plain terms, NRS section 4.030 does not require that the oath be filed in the County Clerk's office.

> Blanket Bonds: A blanket fidelity bond or blanket position bond may be furnished at county expense for all elected county officers except the county treasurer. This blanket bond must be in an amount not less than $10,000, and conditioned on the faithful performance of the respective duties of the several officers covered. The board of county commissioners may also authorize similar blanket bonds for such other county officers or employees as it may designate.

Nev. Rev. Stat. Ann. § 282.163. Accordingly, Plaintiff's argument that Justice of the Peace Atkins is statutorily noncompliant is meritless, and therefore, Plaintiff's Motion to Vacate is denied.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate (ECF No. 12) is DENIED.

Dated: November 26, 2013

_____
ROBERT C. JONES
United States District Judge

5